UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANTUAN CORNELL RIGGS,** } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 2:23-cv-08030-RDP |
| } | 2:22-cr-00047-RDP-JHE-1 |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| Respondent. } | |

### MEMORANDUM OPINION

Before the court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. # 1, Cr. Doc. # 61).[1] The motion has been fully briefed. (Docs. # 2, 6, 9). After careful review, and for the reasons discussed below, the motion is due to be denied.

**I.   Background**

In February 2022, a grand jury indicted Antuan Cornell Riggs ("Riggs") on three counts: Count 1, Felon in Possession of Two Firearms;[2] Count 2, Possession of Controlled Substances with Intent to Distribute; and Count 3, Carrying a Firearm During a Drug Trafficking Offense. (Cr. Doc. #1). The grand jury added Count 4, a second Felon in Possession charge, by way of a superseding indictment. (Cr. Doc. # 15). On July 25, 2022, Riggs pled guilty to Counts 1-3 in exchange for the government's agreement to dismiss the charge in Count 4 at sentencing. (Cr. Docs. # 62 at 12, # 39 at 1).

---

[1] The court refers to documents relating to Riggs's underlying criminal case (2:22-cr-00047-RDP-JHE-1) as (Cr. Doc. #). Documents cited as (Doc. #) refer to documents relating to the present matter.

[2] On September 11, 2018, in the Northern District of Alabama, this court entered a judgment against Riggs for wire fraud. *United States v. Riggs*, 2:18-CR-99-RDP-JEO, Northern District of Alabama.

Riggs's Plea Agreement included a detailed factual basis. (Cr. Doc. # 39 at 5-8). That section of the agreement listed in detail the evidence supporting each of the counts to which Riggs pled guilty. (*Id.*). At the end of the factual basis section, Riggs signed a stipulation that all of the facts were substantially correct and could be used to calculate his sentence. (*Id.* at 8).

Riggs's Plea Agreement listed the consequences of Riggs accepting the Agreement. In particular, the Plea Agreement explicitly stated that Riggs would "waive and give up the right to challenge [his] conviction and/or sentence," including "a motion brought under 28 U.S.C. § 2255" and any argument that "the statute(s) to which I am pleading guilty is or are unconstitutional" (*id.* at 10-11) unless any of three exceptions applied:

1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);
2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and
3. Ineffective assistance of counsel.

(*Id.* at 11). The Plea Agreement also disclosed the maximum penalties for each of the counts charged. (*Id.* at 2-5). Riggs initialed at the bottom of each page of the Plea Agreement and signed the Agreement twice. (*See generally id.*).

At the change of plea hearing, the court asked a number of questions to ensure Riggs's plea was knowingly and voluntarily offered. (Cr. Doc. # 46). Specifically, the court asked Riggs if he understood that, under the terms of the Agreement, he waived his rights to appeal and postconviction relief absent an applicable exception. (*Id.* at 14-15). Riggs affirmed that he understood he was entering into such a waiver. (*Id.*).

On October 27, 2022, Riggs was sentenced to a total term of 108 months imprisonment. (Cr. Doc. # 43). This sentence comprised of 48 months as to Counts 1 and 2, plus 60 months as to Count 3. (*Id.*). The sentence for Counts 1 and 2 was imposed concurrently with the sentence

imposed in Riggs's prior felony conviction, and, as required by law, the sentence imposed as to Count 3 was to be served consecutively with any other sentence. (*Id.*).

## II.    Standard of Review

Title 28 U.S.C. § 2255 authorizes federal prisoners to move in the court of conviction to vacate, set aside, or correct their sentence on the ground that the sentence was imposed in violation of the Constitution or the laws of the United States. *See* 28 U.S.C. § 2255(a). A § 2255 motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his motion fails to state a cognizable claim or contains only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

## III.   Analysis

Riggs challenges his convictions on two grounds: (1) that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him, and (2) that he was denied effective assistance of counsel. (Doc. # 2 at 3).

3

### A. Riggs waived his right to challenge the constitutionality of his conviction.

Riggs cannot challenge the constitutionality of his conviction because he waived that right in his Plea Agreement. A waiver provision is enforceable if the waiver was made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). In this circuit, such waivers are consistently enforced according to their terms. *See Bascomb*, 451 F.3d at 1294 (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351. Both of those elements are met here.

Riggs argues that the waiver does not apply to his challenge because this court "lacked the authority and jurisdiction to act and accept a plea of guilty." (Doc. # 9 at 2). He cites *Class v. United States*, 583 U.S. 174 (2018), in support. (*Id.* at 3). *See Class v. United States*, 583 U.S. 174, 182 (2018) ((holding that a "valid guilty plea does not, *by itself*, bar direct appeal of . . . constitutional claims") (emphasis added). The *Class* decision did not, however, invalidate appeal and collateral attack waivers. A defendant's freedom to waive his appellate rights includes the ability to waive his right to make constitutionally based appellate arguments." *Bascom*b, 451 F.3d at 1297. *See United States v. Smith*, 759 F.3d 702, 707 (7th Cir. 2014); *see also United States v. Lloyd*, 901 F.3d 111, 124 n.11 (2d Cir. 2018) (holding that *Class* did not render broad appeal waivers invalid); Thus, Riggs's waiver is valid, and this court had the authority and jurisdiction to accept his guilty plea.

First, the plain language of Riggs's waiver bars his constitutional argument. The Agreement explicitly states that Riggs would "waive and give up the right to challenge [his]

4

conviction and/or sentence . . . including, *but not limited to*, a motion brought under 28 U.S.C. § 2255, and any argument that . . . the statute(s) to which I am pleading guilty is or are unconstitutional." (Cr. Doc. # 39 at 10-12 (emphasis added)). Under the plain language of the waiver, *all* postconviction challenges are barred, other than the three exceptions listed that do not apply to Riggs's constitutionality argument. (*Id.* at 24).

Second, Riggs understood the significance of the waiver. Riggs signed the Agreement twice and initialed at the bottom of each page. (*See generally id.*). Further, the court specifically questioned Riggs about the waiver during the change of plea hearing. The transcript of Riggs's change of plea hearing makes clear that he acknowledged the waiver provision in the Plea Agreement and confirmed, through his affirmative answers to the court, that he understood he was waiving his right to later challenge his conviction and sentence, whether by appeal or collateral attack. (Cr. Doc. # 46 at 14-15).

Thus, the record establishes that Riggs waived his right to file this motion raising constitutional arguments and that his waiver was both knowing and voluntary. *Bushert*, 997 F.2d at 1351. Because the waiver is enforceable in this proceeding and Riggs's claim challenging the constitutionality of his conviction does not fall under the specified exceptions to the waiver, Riggs's constitutional argument cannot proceed.

**B.      Riggs received effective assistance of counsel.**

Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion and are therefore not subject to a procedural bar for failing to raise them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Also, Riggs's plea agreement does not operate to waive such a claim. (Cr. Doc. # 39 at 10-12).

5

An ineffective assistance of counsel claim has two prongs: (1) the petitioner "must show that the counsel's performance was deficient"; and (2) the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The second prong is satisfied only when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

A petitioner must identify specific acts or omissions which reveal the lack of reasonably effective assistance. *Strickland*, 466 U.S. at 687; *see also, e.g.*, *Lecroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof . . . on a § 2255 petition belongs to the petitioner"). "Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (internal citations omitted).

In examining counsel's performance, the court should be "highly deferential." *Strickland*, 466 U.S. at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. The court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.; *see Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that "tactical decision[s] about which competent lawyers might disagree" do not qualify as objectively unreasonable). A petitioner who seeks to overcome this presumption does not carry his burden by offering bare accusations and complaints, but rather "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The defendant must show "that no competent counsel would have taken the action that his counsel did

6

take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than a complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91.

Where a petitioner fails to show that his counsel's performance fell below an objective standard of reasonableness, the court need not address the issue of prejudice. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). Where the court does consider the second prong, however, a petitioner must show that counsel's errors were prejudicial and "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This burden can be met by establishing by a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. *Williams v. Threatt*, 529 U.S. 362, 391-93 (2000); *Strickland*, 466 U.S. at 691.

Riggs argues that his counsel's "apparent failure to investigate or raise a challenge to the 10:1 ratio [used in methamphetamine sentencing] could be deemed . . . deficient performance." (Doc. # 2 at 26). The 10:1 ratio refers to the difference in how much methamphetamine is required to trigger the same minimum sentence depending on the form of the methamphetamine. 21 U.S.C. § 841(b)(1)(A)-(B); *Methamphetamine Trafficking Offenses in the Federal Criminal Justice System*, U.S. Sent'g Comm'n (June 2024). The statutory ratio compares "actual methamphetamine" (the pure drug) to "a mixture or substance containing methamphetamine" (which can be diluted or mixed with other materials). *Id.* And under the ratio, it takes 10 times more of the mixture form of methamphetamine to equal the same punishment as the pure form. *Id.*

7

But, Riggs was not sentenced using the 10:1 ratio. In this case, Riggs pled guilty to Counts 1, 2, and 3 of the Superseding Indictment. (Cr. Doc. # 39 at 1). Counts 1 and 3 were related to Riggs's possession of a firearm. (Cr. Doc. # 15 at 1-3). Count 2 was charged under 21 U.S.C. § 841(a)(1), (b)(1)(C) and (b)(1)(D). (*Id.*). Subsection (b)(1)(C), the subsection used in Riggs's sentencing, does not use the 10:1 ratio that Riggs challenges. (*Id.*); *see* 21 U.S.C. § 841(b)(1)(C). Instead, the 10:1 ratio is related to the application of subsections (b)(1)(A)-(B), which are not at issue here. *Id.* § 841(b)(1)(A)(viii) (describing statutory minimums and maximums for "50 grams or more of methamphetamine . . . or 500 grams or more of a mixture"); *Id.* § 841(b)(1)(B)(viii) (same for "5 grams or more of methamphetamine . . . or 50 grams or more of a mixture"). In fact, no filings related to Riggs's sentencing, other than Riggs's own § 2255 motion, reference § 841(b)(1)(A)-(B). Thus, because Riggs was not sentenced under the subsection contemplating the 10:1 ratio, his counsel could not have been ineffective for failing to challenge the 10:1 ratio. Riggs's challenge therefore fails as a matter of law.[3]

Riggs's also (briefly) challenges his counsel's decision to not contest the constitutionality of § 922(g)(1) as applied in Riggs's case. (Doc. # 2 at 26-27). "It is well settled that failure to anticipate a change in the law will not support a claim for ineffective assistance of counsel. The rule applies even if the claim, based upon anticipated changes in the law, was reasonable available when counsel failed to raise it." *Giddens v. United States*, 579 F. App'x 959, 960 (11th Cir. 2014) (citing *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (Carnes, J. concurring in the denial of rehearing en banc); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991)); *see also Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019) ("An attorney's failure to anticipate

---

[3] Riggs also attempts to challenge the 10:1 ratio on due process grounds within his ineffective assistance of counsel argument. (Doc. # 2 at 20-24). Riggs waived his right to challenge the 10:1 ratio on due process grounds in his Plea Agreement. *See supra* Part III.A. His due process challenge also fails as a matter of law because he was not sentenced using the 10:1 ratio.

a change in the law does not constitute ineffective assistance."). Thus, counsel's decision not to contest the constitutionality of § 922(g)(1) was not objectively unreasonable. *Strickland*, 466 U.S. at 687. Accordingly, Riggs's ineffective assistance of counsel claim fails.

### IV.     Conclusion

For the reasons discussed above, Riggs's Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1) is due to be denied. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this November 6, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE